IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

THE SKY IS THE LIMIT CORP.,

Plaintiff,

v.

LOOKS GREAT SERVICES OF MS, INC.,

Defendant.

CIVIL NO. 22-1491 (CVR)

**OPINION AND ORDER**

On November 29, 2017, in the immediate aftermath of Hurricane María, Defendant Looks Great Services of MS, Inc. ("Defendant") entered into an agreement with the Puerto Rico Department of Transportation and Public Works ("DTOP") to provide DTOP with certain emergency services. In turn, on March 1 and 8, 2018, Defendant entered into two subcontractor Agreements ("Agreements") with Plaintiff The Sky is the Limit Corporation ("Plaintiff") to perform works as a subcontractor for debris collection and removal and for house reconstruction projects in Puerto Rico.

On October 14, 2022, Plaintiff filed the present case claiming that it performed all of its obligations under both Agreements and Defendant refused to pay for Plaintiff's services, even after numerous attempts to extrajudicially resolve the issue. Plaintiff also argues that Defendant's failure to pay, according to the terms of the Agreements, constituted a material breach of its contractual obligations for which Defendant is liable. Plaintiff requests compensatory and punitive damages, attorney's fees and interest. (Docket No. 1).

On November 17, 2022, Defendant answered the Complaint and shortly thereafter,

The Sky is the Limit Corp., v. Looks Great Services of MS, Inc.
Opinion and Order
Civil 22-1491 (CVR)
Page 2
_____

filed a "Motion to Stay and Compel Arbitration." (Docket No. 12). Defendant proffers that the Agreements require that all controversies and claims arising out of and relating to the Agreements be decided by negotiation, mediation and ultimately, binding arbitration. Thus, Defendant argues that all the claims in the present case must be dismissed. Defendant additionally requested that the Court stay this litigation pending the arbitration process.

Plaintiff's opposition to this request is not on the merits but instead Plaintiff contends that Defendant waived the arbitration clause as it chose to participate in the litigation of this case and invoked the litigation machinery. Plaintiff also claims that Defendant is using the arbitration mechanism to avoid discovery. (Docket No. 15).

At the outset, the Court must mention that the Federal Arbitration Act states that a written arbitration agreement is "…valid, irrevocable, and enforceable, save upon such grounds as exist at law or in equity for the revocation of any contract…." 9 U.S.C. § 2. Accordingly, "[t]he FAA mandates the district court to compel arbitration when the parties have signed a valid arbitration agreement governing the issues in dispute, removing the district court's discretion over whether to compel arbitration or provide a judicial remedy to the parties." Dean Witter Reynolds, Inc. v. Byrd, 470 U.S. 213, 218, 105 S.Ct. 1238 (1985). The Supreme Court has further held that the Act "…mandates that district courts shall direct the parties to proceed to arbitration on issues as to which an arbitration agreement has been signed." Id.

Based on the above principles, the United States Court of Appeals for the First Circuit has set forth four requirements that must be satisfied for a court to grant a motion to compel arbitration, to wit: (1) a valid arbitration agreement must exist; (2) the moving

Case 3:22-cv-01491-CVR   Document 16   Filed 01/24/23   Page 3 of 5

The Sky is the Limit Corp., v. Looks Great Services of MS, Inc.
Opinion and Order
Civil 22-1491 (CVR)
Page 3
_____

party must be entitled to invoke the arbitration clause; (3) the other party must be bound by the clause; and (4) the claim must fall within the scope of the arbitration clause. InterGen N.V. v. Grina, 344 F.3d 134, 142 (1st Cir. 2003). The Court finds that all these elements are met in the present case.

Both Agreements in question contain the exact same clause, which reads as follows:

> GOVERNING LAW. This AGREEMENT shall be governed by, and construed in accordance with the laws of the State of Mississippi. Any controversy or claim arising out of or relating to this AGREEMENT, or the breach thereof, shall be settled by negotiation, mediation and finally binding arbitration administered in accordance with the rules of the American Arbitration Association under its Construction Industry Arbitration Rules in the jurisdiction determined applicable by LGS. LGS will determine the location of all negotiation, mediation and/or arbitration. Judgment on the award rendered by the arbitrator(s) may be entered in any court having jurisdiction therein.

(Docket No. 1, Exhibit 2, part 2, p. 3; Exhibit 3, p. 7).

It is evident from this language that a valid agreement to arbitrate exists between the parties in the present case. Both parties agreed to abide by it and are therefore entitled to invoke it and be bound by it, and have expressly agreed to arbitrate "any controversy or claim arising out of or relating to" the Agreements, including breaches thereof. Id. All of Plaintiff's claims and causes of action, as stated in the Complaint, are based on Defendant's failure to pay for services performed under the subcontracts, and the damages Plaintiff has suffered for this alleged breach. Therefore, Plaintiff's claims clearly arise from the Agreements in question and are subject to arbitrability, a fact which Plaintiff has not rebutted. As such, the Court is bound by the parties' clear intent.

Case 3:22-cv-01491-CVR   Document 16   Filed 01/24/23   Page 4 of 5

The Sky is the Limit Corp., v. Looks Great Services of MS, Inc.
Opinion and Order
Civil 22-1491 (CVR)
Page 4
_____

Plaintiff's argument in its opposition that Defendant has waived the arbitration clause because it has engaged in litigating this case rings hollow when the Court considers that the present case is at its inception and Defendant filed the request for arbitration barely a month after its answer to the complaint.  Thus, the Court is unconvinced that the litigation machinery is "well underway", as Plaintiff argues to the Court.  (Docket No. 15, p. 3).

The Court is equally unmoved by Plaintiff's argument that the petition to arbitrate is an attempt by Defendant at leaving Plaintiff "bereft of the opportunities to conduct discovery."[1]  The parties will have ample opportunity to entertain this case on the merits during the arbitration proceeding, which will provide the parties an adequate forum to see their respective claims.  See Amyndas Pharms., S.A. v. Zealand Pharma A/S, 48 F.4th 18, 34 (1st Cir. 2022) ("Mere differences in procedures or limitations on remedies, unless they effectively deprive the complaining party of any remedy at all, will not render a designated forum unreasonable").  The parties agreed an alternate dispute resolution mechanism, and Plaintiff is now bound by that choice.

The Court reaches this conclusion mindful, as Defendant states, that "questions of arbitrability must be addressed with a healthy regard for the federal policy favoring arbitrations" and "any doubts concerning the scope of arbitrable issues should be resolved in favor of arbitration." Moses H. Cone Mem'l Hosp. v. Mercury Constr. Corp., 460 U.S. 1, 24-25, 103 S. Ct. 927, 941 (1983).  The applicable clause in the Agreements signed between the parties in the case at bar is clear-cut and demonstrates that they intended to

---

[1] Id.

Case 3:22-cv-01491-CVR   Document 16   Filed 01/24/23   Page 5 of 5

The Sky is the Limit Corp., v. Looks Great Services of MS, Inc.
Opinion and Order
Civil 22-1491 (CVR)
Page 5
_____

negotiate, mediate and finally submit to binding arbitration all issues arising under the Agreements. The Court must abide by that directive.

Finally, Defendant asks the Court to stay the case pending arbitration. The First Circuit has readily established that "a court may dismiss, rather than stay, a case when all of the issues before the court are arbitrable." Bercovitch v. Baldwin Sch., Inc., 133 F.3d 141, 156, n. 21 (1st Cir. 1998); Dialysis Access Ctr., LLC v. RMS Lifeline, Inc., 638 F.3d 367 (1st Cir. 2011); Next Step Med. Co. v. Johnson & Johnson Int'l, 619 F.3d 67 (1st Cir. 2010). The parties in the Agreements agreed to arbitrate "any controversy or claim arising out of or relating to" the Agreements in question. The totality of Plaintiff's claims do indeed arise out of the Agreements, as mentioned above. The parties have not argued otherwise. Therefore, the Court declines to stay the case.

For the foregoing reasons, the Court GRANTS IN PART and DENIES IN PART Defendant's Motion to Stay and Compel Arbitration as follows: the request to compel arbitration is GRANTED and the request to stay this case is DENIED. (Docket No. 12).

Accordingly, this case is DISMISSED without prejudice, and the parties are ORDERED to binding arbitration pursuant to the rules of the American Arbitration Association under its Construction Industry Arbitration Rules in the jurisdiction determined applicable by Defendant, pursuant to the terms of the Agreements.

IT IS SO ORDERED.

Judgment to be entered accordingly.

In San Juan, Puerto Rico, on this 24th day of January 2023.

                                          S/CAMILLE L. VELEZ-RIVE
                                          CAMILLE L. VELEZ-RIVE
                                          UNITED STATES DISTRICT JUDGE